RECEIVED IN
The Court of Appeals
Sixth District

JUL 1 6 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

JUL 1 6 2015

Texarkana, Texas
Debra K. Autrey, Clerk

No. 06-14-00194-CR

IN THE SIXTH COURT OF APPEALS
at Texarkana, Texas

---

Bennie Johnson

Appellant

VS.

THE STATE OF TEXAS

Appellee

---

Appeal from the District Court of
Bowie County, Texas
102nd Judicial District

---

Appellant's Pro Se Brief

---

Bennie Johnson Jr.
Appellant Pro Se
TDCJ No. 1970053
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a) the following list is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate Counsel:

(1) Plaintiff, Appellee

State of Texas

(2) Defendant, Appellant

Bennie Johnson, Jr.

(3) Defendant's trial counsel

Mr. John Stroud
515 Main Street
Texarkana, Texas 75501

(4) Appellant's appellate counsel

Mr. Derric S. McFarland
816 Pine Street
P.O. Box 1048
Texarkana, Texas 75501

(5) State's trial and appellate counsel

Mr. Jerry Rochelle
Bowie County District Attorney's Office
601 Main Street
Texarkana, Texas 75501

i

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . i

Table of contents . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authoritities . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . 1-5

Summary of the Argument . . . . . . . . . . . . . 6,7

Argument . . . . . . . . . . . . . . . . . . . . . . . .

ISSUE ONE : The Evidence Is Insufficient To Support The Conviction Of Aggravated Sexual Assault. 8-10

ISSUE TWO : Counsel Rendered Ineffective Assistance By Failing To Provide a Proper Trial Strategy by Opening the Door For Extraneous Offense 11-14

ISSUE THREE : Counsel Rendered Ineffective Assistance By Failing To Investigate Alternative DNA. 11-14

\# For THE SAKE OF CONVIENCE, Issue Two and Three will Be Litigated Together.

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

CASES:                                                        PAGE

Bone v. State
    77 S.W. 3d 828 (Tex. Crim. App. 2002)        13

Brown v. State                                                  9
    381 S.W. 3d 565, 573 (Tex App.-Eastland 2012, No pet)

Denton v. State
    911 S.W. 2d 388-390 (Tex. Crim. App. 1995)     9

Jackson v. Virginia                                            9
    443 U.S. 307, 319; 99 S. Ct. 2781; 61 L. Ed. 2d 560 (1979)

Mitchell v. State
    68 S.W. 3d 640, 642 (Tex. Crim. App. 2002) 13

Robertson v. State
    187 S.W. 3d 475, 484-86 (Tex. Crim. App. 2006)   14

Strickland v. Washington                                       13
    466 U.S. 668; 104 S. Ct. 2052; 80 L. Ed 2d 674 (1984)

Tibbs v. Florida                                               9
    457 U.S. 31, 40-41; 102 S. Ct. 211; 72 L. Ed. 2d 652 (1982)

Williams v. State                                              14
    662 S.W. 2d 344, 346 (Tex. Crim. App. 1983)

STATUES
Texas Penal Code Section 22.021                               1

# STATEMENT OF THE CASE

This is an appeal from a conviction for Aggravated Sexual Assault in violation of Texas Penal Code section 22.021, a first degree felony, in trial court number 12F0821-102 and appeal number 06-14-00194-CR. (C.R. 06-14-00194-CR pg. 78). A jury found Johnson guilty and assessed a punishment of life. (C.R. 06-14-00194-CR pg. 78).

## ISSUE PRESENTED

Issue One: The Evidence is Insufficient to Support The conviction of Aggravated Sexual Assault.

Issue Two: Counsel Rendered Ineffective Assistance By Failing To Provide Proper Trial Statergy by Opening the Door foe Extraneous Offense.

Issue Three: Counsel Rendered Ineffective Assistance By Failing to Investigate Alternative DNA.

## STATEMENT OF FACTS

As stated above, Appellant was indicted in Cause No. 12F0821-102 for the felony offense of Aggravated Sexual Assault (Texas Penal Code §22.021)

On opening statements, Mr. Stroud, Attorney for appellant, gives a preview of the defense theory that the appellant and the complainant engaged in "consensual sex". (RR Vol. 8:15,16)

During open court, outside the presence of the jury, Mr. Stroud asked the Judge to admonish

1.

appellant of his right to testify. After admonishing of rights, the following took place:

The Court: Let me ask this, John: What's been you advice to the defendant in this case as to whether or not he should testify or not?

Mr. Stroud: Your Honor, with the defense, you know, Bennie position throughout this whole case is that this was a consensual act, and I've told him, well if it's a consensual act, you're going to have to communicate that to the jury. It would either be through his statement to the police or looking them in the eye in the courtroom and giving the nature of his defense. My advice to him is that if he wants to present that defense, the only possible way to do it is through his testimony here in court; is that correct Bennie?

THE DEFENDANT: Yes sir.

THE COURT: Bennie, is that pretty well what he's told you?

THE DEFENDANT: Yes sir. (R.R. Vol 8:168, 169)

BRAD THACKER
Detective Thacker testified that he came in contact with the appellant and obtain consent from appellant to secure a DNA sample. (R.R. Vol. 8: 73, 74)

DAPHANE STILES
Daphane Stiles testified on cross examination As follows: Q. As far as the medical records, you've testified there's nothing in there indicating that any injuries are found on Ms. Romekia Peoples is that correct?

A. Correct. There's nothing visible.

Q. Okay. And that's a multiple page packet which is prepared in a rape kit examination?

A. Yes                    (RR Vol 8 :102, 103)

Q. And, of course, the examination, the pelvic examination of Ms. People reveals to the healthcare professional everything is normal?

A. Yes      (R.R. Vol. 8: 105)

Q. And as far as any other physical evidence corroborating the fact that Ms. People considers it to be forcible (sex), such as any evidence of injury or anything in a medical report supportive of her contention that it was forcible intercourse, you will admit to me there is none?

A. There is no physical evidence of that, no.

Q. Any place that there could possibly be physical evidence in the medical reports to corroborate what she is saying, that she was the victim of force intercourse, that that is not present in the medical reports, no.   (R.R. Vol.8: 110, 111)

## Spencer Price

Spencer Price testified that he's a crime scene technician with the Texarkana Police Department. (R.R. Vol.8: 117) He took two swabs from appellant one from each cheek to compare DNA recovered from alleged rape. (R.R. Vol.8: 118)

3.

# Kristy Link

Kristy Link testified that she is a technition with the Texas Department of Public Safety Crime Laboratory. (R.R.Vol.8:121) She testifies that she recieved the rape kit from complainant, the swabs from appellant, and a condom - which turned out to be unrelated to the case. (R.R.Vol.8:125) A preliminary test revealed the presence of semen on the vaginal smear and anal smear slide. (R.R.Vol.8:128)

Futher tests reveal that the sprem tested was consistent with a mixture from appellant, the complainant, and an unknown individual. (R.R.Vol.8:131) And she further is asked by prosecution:

Q: And you did not recieve a DNA profile or no sample from her fiance or any other third person to make a comparison, correct?

A. No, we did not. (R.R.Vol.8:132)

Cross-Examination

Q. And how long would the DNA of a sprem cell fraction be able to be recovered and tested from you taken from Ms. People.

A. Typically we can still try to develope a profile within five days after sexual intercourse. (R.R.Vol.8:134)

Redirct Examination

Q. So this unknown profile, is that necessarily sprem, or could it also be same other type of biological material?

4.

A. It could be skin cells, but the vaginal vault area breaks down skin cells much more quickly than it does sprem cells. So potentially it could be skin cells. More likely it probably came from sprem (R.R. Vol. 8:135)

Recross-Examination

Q. Ma'am you can't say with any certainty when the sperm cell fraction from an unknown individual came to be in the vaginal area of Ms. People, can you?

A. No, I can't.

Q. And so nothing from that testing tells when that was place there? You know that it was there?

A. Yeah, just that it was probably within five days.

Q. It might have been an hour?

A. Correct.          (R.R. Vol. 8:136)

5.

# Summary OF THE ARGUMENT

In his first issue, Appellant argues that the evidence produce at the guilt/innocence phase was insufficient to support the verdict of guilty. Appellant reaches conclusion in part by the lack of medical evidence supporting the crime charged. The testimony from the medical expert shows there's no sign of the alleged crime and in fact, according to that same expert, there was an unidentified DNA that was profiled found within the rape kit performed on complainant. Also, according to the medical expert, the DNA found within the rape kit could have been residual deposits from up to five days old. Therefore, the evidence produced could cast a shadow of a doubt and therefore is insufficient.

In his second and third issue, Appellant argues that the trial counsel was ineffective at trial because he failed to provide a proper trial strategy. The counsel advised the appellant of the defense of consensual sex and told Appellant that he would have to testify in front of the jury if that defense was to be presented. The State filed a pre-trial motion to present extraneous offenses and the defense counsel still advised the Appellant to take the witness stand knowing that it would open the door for the admission of the extraneous offenses. The Court even, on record admonishes Counsel that his cross-examination of a States witness elicited responses that opened the door to extraneous offenses. Therefore, trial counsel should have the knowledge to know that the elicted examination coupled with defendant testimony would open the door to the extraneous offenses and would constitute ineffectiveness on his part.

Counsel also was ineffective for the inability to conduct or have the unknown DNA within the complainants rape kit tested to identify the individual. The testing of that DNA was tantamont to the case and the lack of doing so caused the trial counsel to be ineffective.

# Issue #1

## THE EVIDENCE IS INSUFFICINT TO SUPPORT THE CONVICTION OF AGGRAVATED SEXUAL ASSAULT

Appellant first asserts that the evidence is insufficient to support the findings of guilty of aggravated sexual assault. Testimony from several of the state's witness agree that there was no physical or medical evidence to even suggest the finding of aggravated sexual assault.

## Facts:

The testimony of Daphane stiles, when questioned by defense attorney, brings to light that there was no physical nor medical injuries that suggest a sexual assault occured. (R.R. Vol.8 : 102, 103, 105, 110,11)

Theres no medical reports even documented that shows any trama to the compliantants genetalia. (R.R. Vol.8. : 110,111)

The testimony of kristy Link, who works as an technition at the Texas Department of Public Safety who tested the rape kit for DNA along with appellant, reveal that there was a third DNA specimen from an unknown person recovered from the compliant's vaginal and anal smear slide. (R.R. Vol.8:131)

No other profile was recieved to test against the unknown DNA specimen. (R.R.Vol.8 :132)

Krist Link also testified that DNA in the form sprem could reside in the vaginal vault up to five days and that the unknown profile would more Probably to be sprem. (R.R. Vol. 8:134, 135)

## STANDARD OF REVIEW

In a legality sufficiency review, the courts look at all the evidence in light most favorable to the verdict and determine, based on that evidence and reasonable inferences there from, a rational jury could have found the accussed guilty of all the elements of aggravated sexual assault beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979)

In determining whether the evidence is sufficient to convict, the court must examine the totality of the circumstances. Denton v. State 911, S.W. 2d, 388, 389-90 (Tex. Crim. App. 1995)

Evidence is not sufficient under this standard in four circumstances:

1) the record contains no evidence probative of an element of the offense,

2) the record contains mere "modicum" of evidence Probative of an element of the offense,

3) the evidence conclusively ~~probative~~ establishes a Reasonable doubt

4) the acts alleged do not constitute the criminal offense charged. Brown v State 381 S.W. 3d 565, 573 (Texas. App - Eastland 2012, no pet)(citing Jackson 443 U.S at 314, 318 n.11) If found that the evidence is not sufficient under this standard, the conviction must be reversed and an acquittal entered. See Tibbs v. Florida 457 U.S. 31, 40-41; 102 S.Ct. 2211; 72 LEd. 2d 652 (1982)

# Discussion

Appellant asserts that the evidence presented establishes a reasonable doubt. The testimony of two of the State's witnesses agree that the physical and medical evidence is inconsistant or doesn't support the act of rape. Also and most significantly, the lab technition for the Texas Department of Public Safety, Kristy Link, identified an unknown DNA specimen within the rape kit of complainant and not one of the expert witnesses put on by the state could make an exact time frame estimate when either DNA specimen, the unknown or from the appellant, was deposited. The only conclusion was it was within a five (5) day period. The presence of the unknown DNA in itself creates a reasonable doubt and the fact that it went untested to solidify the case, prejudice the appellant. Therefore, this case should be remanded back to the court for a new trial.

# Issue #2 & #3

COUNSEL RENDERER INEFFECTIVE ASSISTANCE BY FAILING TO PROVIDE A PROPER TRIAL STRATEGY, AND BY FAILING TO INVESTIGATE THE ALTERNATIVE DNA.

Appellant next asserts that his trial counsel was ineffective for pursuing a trial strategy in which allowed the prosecution to offer up evidence of extraneous offenses and same counsel failed to investigateon and have the "Unknown" DNA tested and compared against the complainants statement.

## FACTS:

On September 10, 2014, a hearing was held in which the state file a Notice of Intent to use extraneous offenses according to Rule 404 of the Texas Rules of Evidence. During voirdire Proceedings outside the presence of the jury, Counsel for defendant makes a verbal ojection to the admission of the using of the extraneous offenses. (R.R. Vol.7:8,9) The Court holds counsel Objection ~~overruled~~ motion with the notion that the door isn't opened and even advises Counsel to stay away from that. (R.R. Vol.7:9,10)

During the testimony of Daphne Stiles upon Cross-examination by Mr. Stroud, Counsel elicted responses that opened the door for use of the extraneous offenses. (R.R. Vol.8:110) After the

17.

testimony of Daphne Stiles and outside the presence of the jury, the Court advises defense counsel that the elicited responses from Daphne Stiles may have opened the door. (R.R. Vol. 8: 139, 140)

During side bar questioning of appellant by the court, defense counsel admits that he strongly advised appellant to *testify* on his own behalf (R.R. 8: 168, 169,)

The Court again states on record that the testimony of appellant will open the door to the extraneous offenses and defense counsel acknowleges such. (R.R. Vol. 8: 169, 170)

During the testimony of Kristy Links, she identified and recovered two DNA specimens from inside the rape Kit belonging to complainant. (R.R. Vol. 8: 131, 132) The "unknown" DNA was never tested. (R.R. Vol. 8.: 132)

12.

## STANDARD OF REVIEW

The standard of review for ineffective assistance of counsel is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct 2052 80 L.Ed. 2d 674 (1984) and <u>Bone v. State</u>, 77 S.W. 3d 828 (Tex. Crim. App. 2002)

To prevail appellant must first show that his counsel's performance was deficient. <u>Strickland</u> 466, U.S. at 687, 104 S.Ct. at 2064; <u>Bone</u>. 77 S.W. 3d at 833.

"Specifically, [an] appellant must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms". <u>Bone</u>, 77 S.W. 3d at 833

Next, an appellant must show that this deficient proformance "prejudiced his defense," meaning that he must show a reasonable probability that, but for his counsels unprofessional errors, the result of the proceeding would have been different. Id. (quoting <u>Mitchell v. State</u> 68 S.W. 3d 640, 642 (Tex. Crim. App. 2002) The appellant must show that there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. "' Id, (quoting <u>Strickland</u>, 466 US. at 695, 104 S.Ct 2052). Thus, the reviewing court must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. <u>Strickland</u>, 466 at 686, 104. Sct at 2064.

# Dicussion

Counsel elicited or opened the door to evidence that set his client up for impeachment by the State and damage appellant's credibility with Jury. Given the inherent prejudicial nature of the extraneous offenses and the fact that appellant's defense rested almost entirely on his Credibility, the could have been no reasonable trial strategy for appellant's counsel to elicit and open the door to the similiar extraneous offenses. See <u>Robertson v. State</u> 187 S.W. 3d 475, 484-86 (Tex. Crim. App. 2006); also <u>Williams v. State</u> 662 S.W. 2d, 344, 346 (Tex. Crim. App. 1983) This is particularly true when as here, the defense strategy was based entirely on the defendants credibility verses the Complainant's credibility. Opening the door undermines the defense Strategy and serves no purpose other than to prejudice the defendant's ability to present his defense.

For this case should be remanded back to the Court for a new trial.

# ConCLUSION AND PRAYER

Wherefore, Premises Considered, the Appellant requests the Court to reverse the conviction of the Appellant on the basis of the errors stated and remand the case for a new trial.

Respectfully Submitted,

Bennie Johnson Jr.

Bennie Johnson Jr.

Appellant, Pro Se

TDCJ No. 1970053

Mark W. Stiles Unit

3060 FM 3514

Beaumont, Texas

77705

15.

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy hereof was served upon Kelley Crisp, Counsel for the State of Texas, at the Bowie County District Attorney's Office, 601 Main Street, Texarkana, Texas, 75501 on this the 13th day of July 2015

Bennie Johnson, Jr.
Bennie Johnson, Jr.
Appellant Pro se

I, Bennie Johnson Jr. TDCJ# 1970053, being presently incarcerated in the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Beaumont, Texas, Jefferson County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this 13th day of July 2015.